**UNITED STATES of America**

v.

**Larry S. JORDAN.**

**Crim. No. 90–295–01 (CRR).**

United States District Court, District of Columbia.

March 20, 1991.

Jay B. Stephens, U.S. Atty., and Robert M. Kruger, Asst. U.S. Atty., for U.S.

James W. Rudasill, Washington, D.C., for defendant.

CHARLES R. RICHEY, District Judge.

### I. INTRODUCTION

Pursuant to Federal Rule of Criminal Procedure 32(d), the defendant moves this Court to set aside his guilty plea to the charge of possessing with intent to distribute 5 or more grams of a mixture or substance containing detectable amounts of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). The defendant makes two claims in support of the

motion: (1) the plea lacks a consensual basis because the prosecutor breached a promise to allow the defendant to cooperate with the government so that he could qualify for a sentencing departure pursuant to 18 U.S.C. § 3553(e); and (2) there exists an entrapment defense which absolves the defendant of legal responsibility for the crime. After careful consideration of the defendant's motion, the government's opposition thereto and the record in this case, the Court denies the defendant's motion.

## II. BACKGROUND

The defendant was indicted on one count of possession with intent to distribute 5 or more grams of a mixture or substance containing detectable amounts of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). On July 20, 1990, the defendant entered a plea of not guilty and a trial date was set. However, at a status call on September 12, 1990, defense counsel notified the Court of the possibility of a disposition, (Status Call Transcript at 2) (hereinafter "SC"), and two days later, the defendant withdrew his plea of not guilty and formally entered a guilty plea. (Plea Transcript at 2) (hereinafter "P").

After the defendant was sworn, the Court conducted a Rule 11 inquiry, informing the defendant of the rights and privileges which he would waive by entering the plea of guilty. (P at 3–5). The Court advised the defendant that, by entering a guilty plea, he also would "waive any right to attack the circumstances of (his) arrest or anything leading up to this Indictment or growing out of this Indictment or pertaining to it in any way." (P at 5). The Court informed the defendant that he "won't have any right to contest it (the plea) whatsoever after this afternoon if your plea of guilty is accepted." *Id.* Later in the proceedings, the Court again told the defendant that he would not be able to withdraw his plea once it was accepted. (P at 12). The defendant said that he understood these warnings and limitations. (P at 5, 12).[1]

The Court also enumerated the elements of the crime charged in the Indictment and explained to the defendant that, absent the plea, the prosecution would have to prove each of these elements beyond a reasonable doubt. Again, the defendant indicated that he understood these elements. (P 5–6). The Defendant then stated that he did in fact commit each of the elements of the crime charged. (P at 6). After the Government made a proffer of its evidence, the defendant agreed that the proffer accurately depicted his participation in the crime. (P at 6–8).

The defendant was told that, under the statutory scheme, the Court was bound to impose a minimum prison sentence of 5 years. The Court also informed the defendant that he could receive a prison sentence for a term of up to 40 years, in addition to a fine of up to $2 million, four years of supervised release and a special assessment of $50.00. (P at 8–9).

The prosecutor then advised the Court that, in exchange for the defendant's guilty plea, the government agreed not to oppose a two-level "acceptance of personal responsibility" reduction under the sentencing guidelines and not to oppose a sentence at the low end of the guideline range. (P at 12). The defendant reaffirmed his understanding that the Court was bound by the statutory scheme, and acknowledged that the ultimate sentence imposed by the Court would also depend on recommendations made in the presentence report. (P at 11–12). The Defendant also stated that he was fully and completely satisfied with the services provided by counsel. (P at 13). The Court then accepted the plea.

At the conclusion of the proceedings, defense counsel asked to approach the bench and informed the Court of the possibility that sentencing may have to be postponed if the defendant cooperates with the government. The prosecutor confirmed that the defendant was engaged in discussions with the government. However, the prosecutor also informed the Court that, while such discussions were going forward,

---

1. At the outset, the Court established that the defendant was a college graduate. (P at 3).

the government "made no representations whatsoever as to whether any request may be made to our departure committee regarding substantial assistance." (Sealed Transcript at 2) (hereinafter ST).

The sentencing date was originally set for December 3, 1990, but the Court granted defendant's unopposed motion to postpone it until January 3, 1991, because factors related to the sentencing could not be determined by December 3. On or about December 19, 1990, the defendant was informed that the government would not recommend a § 3553(e) departure. Prior to sentencing, defendant notified the Court and the government of his desire to withdraw his plea.

III. THE MOTION TO WITHDRAW SHOULD BE DENIED BECAUSE THE PROSECUTOR MADE NO PROMISES TO DEFENDANT REGARDING HIS COOPERATION; THE DEFENDANT KNOWINGLY AND VOLUNTARILY SURRENDERED ANY ENTRAPMENT CLAIM BY ENTERING HIS PLEA; THE DEFENDANT OFFERS NO EXPLANATION FOR SUBMITTING AN ENTRAPMENT DEFENSE AT THIS LATE STAGE; AND THE DEFENDANT HAS PRESENTED NO OTHER FAIR OR JUST REASON TO PERMIT WITHDRAWAL OF A VALID GUILTY PLEA.

■ A defendant has no absolute right to withdraw a plea of guilty prior to sentencing. *See, e.g., U.S. v. Davis,* 617 F.2d 677, 685 (D.C.Cir.1979), *cert. denied,* 445 U.S. 967, 100 S.Ct. 1659, 64 L.Ed.2d 244 (1980); *Everett v. U.S.,* 336 F.2d 979, 983 (D.C.Cir.1964). Such pre-sentence motions "are addressed to the sound discretion of the District Court," *U.S. v. Barker,* 514 F.2d 208, 219 (D.C.Cir.) (en banc), *cert. denied,* 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975), and "will be reversed by an appellate court only for an abuse of that discretion." *Everett,* 336 F.2d at 983.

■ The Court "may permit withdrawal of the plea upon the showing by the defendant of any fair and just reason." F.R. Crim.P. 32(d); C. Wright, 3 *Federal Practice and Procedure: Criminal 2d* § 538 (Supp.1990). Although our Court of Appeals has remarked that "the terms 'fair and just' lack any pretense of scientific exactness," *Barker,* 514 F.2d at 220, courts usually consider the following factors in the evaluating motions of this kind: (1) was there a procedural defect in taking the plea; (2) did the defendant knowingly and voluntarily consent to the plea agreement; (3) does the defendant now have a basis to assert legal innocence; (4) did the defendant have adequate legal counsel throughout the proceedings; and (5) does granting the motion prejudice the government or unduly inconvenience the Court? *Id.; Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

Some of the above factors have not been raised in the instant motion. In particular, the defendant concedes that there was no procedural defect in taking the plea. *See Defendant's Motion to Withdraw Guilty Plea* at 5. There is no allegation that the defendant was not ably assisted by competent legal counsel throughout the proceedings.[2] The government concedes that the defendant's motion would not cause any substantial prejudice to the prosecution of the case. *Government's Opposition to Defendant's Motion to Withdraw Guilty Plea* at 11–12. Neither party has argued that granting the motion would cause any inconvenience to the Court. Thus, the Court will focus on the remaining factors in evaluating whether the defendant has presented a fair and just reason to withdraw his guilty plea.

A. *The Plea Was Knowingly and Voluntarily Made Because the Government Did Not Promise To Negotiate With the Defendant, and Did Not Guarantee a § 3553(e) Departure.*

■ The defendant contends that the plea was not knowingly and voluntarily

---

**2.** While under oath, the defendant told the Court that he was satisfied with the services provided by his lawyer. (P at 3, 13).

made because the government reneged on its promise to give the defendant the opportunity to cooperate with the government's investigation and, thereby, to qualify for a "substantial assistance" departure from the statutory minimum sentence pursuant to 18 U.S.C. § 3553(e). Because the government did not accept the defendant's offer to provide substantial assistance, the defendant claims that the government breached the bargain.

It is beyond dispute that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello*, 404 U.S. at 262, 92 S.Ct. at 499. *See also Mabry v. Johnson*, 467 U.S. 504, 509, 104 S.Ct. 2543, 2547, 81 L.Ed.2d 437 (1984). In other words, if a government's promise was a factor in persuading the defendant to plead guilty, the "defendant's plea loses its consensual character if such promise is not fulfilled." *U.S. v. Griffin*, 641 F.Supp. 1546, 1549 (D.D.C. 1986), *aff'd*, 816 F.2d 1 (D.C.Cir.1987).

However, in order to invalidate the plea for lack of knowing and voluntary consent, the defendant must show that the government promised to negotiate with him, and that this promise, either in whole or in part, induced him to plead guilty. The Court finds that no such promise was made to the defendant. Although the defendant was involved in discussions with the government prior to entering his guilty plea (ST at 2), the defendant does not allege that the government promised to negotiate with him for any particular length of time, or under set of any circumstances.

In essence, the defendant asks the Court to *require* the government to negotiate with him, even after the government determines that further discussions would not be useful. This the Court cannot do. Just as the government has "broad discretion" in determining whom to prosecute, *see, e.g., Wayte v. U.S.*, 470 U.S. 598, 607, 105 S.Ct. 1524, 1530, 84 L.Ed.2d 547 (1985), *citing, U.S. v. Goodwin*, 457 U.S. 368, 380, n. 11, 102 S.Ct. 2485, 2492, n. 11, 73 L.Ed.2d 74 (1982), the government has broad discretion in determining whether its resources are wisely spent by continuing discussions with any particular informant. Courts are ill-equipped to examine "the Government's enforcement priorities," and "the case's relationship to the Government's overall enforcement plan." *Wayte*, 470 U.S. at 607, 105 S.Ct. at 1530. Absent any evidence that the prosecutor's decision to discontinue discussions was "deliberately based upon an unjustifiable standard such as race, religion, or arbitrary classification", *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978), the Court will not second-guess the prosecutor on a matter committed to the prosecutor's discretion.

The defendant's argument also fails because, even if afforded the opportunity to provide substantial assistance, he did not plead guilty in reliance on the prosecutor's promise to recommend a § 3553(e) departure. The colloquy at the bench, after the Court accepted the plea, makes this clear:

> MR. RUDASILL: Your honor, I would like these proceedings sealed, not the whole proceedings but the bench conference. My client is seeking to enter into cooperation with the government under 3553(e). There may be some necessity to extend the sentencing date because of his cooperation.

> THE COURT: That's perfectly all right. All you have to do is notify my clerk....

> MR. KRUGER: Your honor, I need to state for the record to be perfectly clear to the court that while the government is listening to Mr. Jordan, we've made no representations whatsoever as to whether any request might be made to our departure committee regarding substantial assistance, but we are listening to that at this time.

(ST at 2). When the defendant entered into negotiations with the government, he had no assurance from the government that he would qualify for a "substantial assistance" sentencing departure pursuant to § 3553(e). The defendant cannot now seek an advantage to which he was never enti-

tled in the first place.[3]

■ The defendant also argues that the prosecution's failure to recommend a § 3553(e) departure denies him due process of law. This argument lacks merit. As the record illustrates, the defendant never received any promise or assurance that the government would authorize a § 3553(e) departure. (ST at 2). Without an explicit promise to recommend a departure, the defendant's due process claim fails because "in the absence of a specific agreement, the decision by the prosecutor to forego a downward departure motion in a particular case is not subject to judicial review at all." *U.S. v. Rexach*, 896 F.2d 710, 713 (2d Cir. 1990); *U.S. v. Huerta*, 878 F.2d 89 (2d Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990) (prosecutor's broad discretion in making recommendation under § 5K1.1 of the Guidelines). *Cf. U.S. v. Ortez*, 902 F.2d 61 (D.C.Cir. 1990) (when the government does not file a motion for a sentencing departure under § 3553(e), the Court has no authority to depart from the mandatory statutory minimum sentence on its own motion).[4]

Although the Second Circuit largely shielded the prosecutor's decision from judicial review, the court did recognize that the prosecutor's determination of a lack of substantial assistance "cannot be made invidiously, or in bad faith." *Rexach*, 896 F.2d at 714. If the prosecutor refuses to recommend a departure on the basis of a defendant's religion or race, or acts in order to prevent the defendant from exercising his constitutional rights, the Court would be obliged to take appropriate action. *Id.; see also Bordenkircher v.*

*Hayes, supra.* The defendant here makes no specific claim that the prosecutor's decision not to recommend a departure was made invidiously or in bad faith. As explained above, the decision to terminate discussions with the defendant, without more, does not evidence bad faith or invidious motive, but is part of the prosecutor's rightful prerogative.

Because no promises regarding cooperation were made and because the defendant did not plead guilty in reliance on a promise of a departure for substantial assistance, the Court finds that the defendant does not offer a fair and just reason for withdrawal of his guilty plea.

**B.** *Defendant Cannot Submit an Entrapment Defense at This Stage of the Proceedings When, Upon Entering His Plea, Defendant Knowingly and Voluntarily Waived Such Defenses, and When Defendant Offers No Explanation For Raising the Issue Now.*

Despite his admission of guilt at the September 14, 1990 proceeding, the defendant now asserts that he did not possess cocaine base with the specific intent to distribute. The defendant argues that because he now would submit to a jury the defense of entrapment, he has presented a fair and just reason for withdrawing the plea.

In evaluating this claim, the Court recognizes that "whether the movant has asserted his legal innocence is an important factor to be weighed" in evaluating a motion to withdraw the plea. *Barker*, 514 F.2d at 220. However, a mere assertion of innocence is not sufficient to justify a withdrawal. Rather, the Court "must consider

---

**3.** Counsel did not raise the issue of cooperation prior to the Court's acceptance of the plea. The bench conference at which the parties mentioned the potential § 3553(e) departure occurred after all evidence and conditions of the plea had been elicited by the Court. (P at 3–13; ST at 2). While the timing alone is not determinative, it does lead the Court to believe that any benefits which might accrue as a result of the defendant's substantial assistance would accrue independently of, and in addition to, those benefits for which the defendant bargained in the plea negotiations.

**4.** The Court notes that, in *U.S. v. Roberts*, 726 F.Supp. 1359 (D.D.C.1989), Judge Harold

Greene found that the United States Attorney's practice of referring substantial assistance claims to a panel with sole discretion to recommend departure violated due process. Because the defendant here does not challenge the departure committee mechanism, *Roberts* is not directly implicated. On matters of due process generally, *U.S. v. Ortez*, 902 F.2d 61 (D.C.Cir. 1990) is the controlling authority in this Circuit. In *Ortez*, the Court does not quarrel with the government's practice of reserving to itself the discretion to decide whether the defendant in fact rendered substantial assistance.

not only whether the defendant has asserted his innocence, but also the reason why the defenses now presented were not put forward at the time of original pleading." *Barker*, 514 F.2d at 220 (cites omitted).

This inquiry is of the utmost importance in protecting the integrity of the plea bargaining process;

> (w)ere withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim.

*Barker*, 514 F.2d at 221. *See also Santobello v. New York*, 404 U.S. at 261; 92 S.Ct. at 498; *Brady v. U.S.*, 397 U.S. 742, 751–52, 90 S.Ct. 1463, 1470–71, 25 L.Ed.2d 747 (1970).

 The government correctly points out that the defendant offers no explanation for asserting an entrapment defense at this stage of the proceedings. Before the Court accepted the plea, the defendant was repeatedly told that, if the plea was accepted, he could not withdraw it and that he was waiving any right to attack the circumstances of the arrest, the events leading up to it, or any subsequent events. (P at 5, 12). In fact, the record of the September 12, 1990 status conference suggests that defense counsel had ample opportunity to pursue an entrapment defense, and made a strategic decision not to do so.

> THE COURT: The Court is further advised that you'll be appearing before the Court sometime next week to enter a plea disposition of guilty. Is that correct?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: I don't know anything about nor does the Court participate in plea discussions between defendants and their lawyers or the prosecutors.
>
> But let me ask your lawyer this. Have you filed any motions to suppress or are you in any way attacking the circumstances of this gentleman's arrest or this Indictment or anything else pertaining to it?

> MR. RUDASILL: Your Honor, no motions have been filed. I have had full discovery in this case. I have had opportunity to review the transcript of facts surrounding Mr. Jordan's arrest. I have reviewed the video tape with the prosecutor and the substitute prosecutor (as) if the matter were going to trial on the 19th as well as the arresting officers.

(SC at 4).

Rather than present any defenses, the defendant chose to acknowledge his guilt in open court in exchange for the government's promise not to oppose certain departures or reductions from the guideline sentence. He agreed that the prosecutor's evidentiary proffer fairly and accurately depicted the defendant's participation in the crime charged. In other words, the defendant averred, under oath and with full knowledge and understanding of the finality of the plea proceedings, that he contacted the undercover police officers about a possible drug transaction, and agreed to buy and resell in the open market twenty $50.00 rocks of crack cocaine. (P at 7–8). While statements made at the plea hearing are not insurmountable barriers to challenging the plea, such "solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73–74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). Courts should be circumspect of the credibility of any newly-raised defense when it contradicts the defendant's sworn testimony and is "only raised conveniently since the time he filed his motions to withdraw the plea." *U.S. v. Trott*, 604 F.Supp. 1045, 1049 (D.Del.1985), *aff'd*, 779 F.2d 912 (3rd Cir.1986). The Court has no reason to believe that this is not the case here.

In light of the record and the defendant's failure to explain why he asserts at this late stage a legal defense which was available to him at the time of the plea hearing, the Court finds that no fair and just reason exists to allow the defendant to withdraw his plea on the basis of his assertion of legal innocence.

**908**

IV. CONCLUSION

After carefully considering the applicable law, the memoranda of law, and the entire record herein, the Court concludes that the defendant has presented no fair and just reason to justify withdrawal of his guilty plea. Accordingly, the Motion to Withdraw the guilty plea is denied.