43 F.3d 712
 310 U.S.App.D.C. 61
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Larry JORDAN, Appellant.
 Nos. 91-3112, 94-3048.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 10, 1994.
 
 Before: WILLIAMS, GINSBURG and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on appeal from the United States District Court for the District of Columbia, and was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.R. 36(b).
 
 
 2
 Appellant challenges two rulings of the district court. Charged with possession of five or more grams of a mixture of substance containing detectable amounts of cocaine base with intent to distribute, 21 U.S.C. Sec. 841(a), appellant entered into a plea agreement with the Government and pled guilty as charged. Before sentencing, appellant moved under Fed.R.Crim.Pro. 32(d) to withdraw his guilty plea on the grounds that the Government breached the plea agreement by failing to allow him the opportunity to provide substantial assistance or by failing to recognize the substantial assistance he had already given; the district court denied his motion and proceeded to sentence him in accordance with the Sentencing Guidelines. United States v. Jordan, 759 F.Supp. 902 (D.D.C.1991). After sentencing, appellant renewed his objections, moving the court under 28 U.S.C. Sec. 2255 to vacate his sentence or to require the Government to file a motion under Sec. 5K1.1 of the U.S. Sentencing Guidelines; the district court denied that motion as well. United States v. Jordan, 845 F.Supp. 28 (D.D.C.1994).
 
 
 3
 The district court understood the government in its discussions with defendant on the subject of cooperation to have undertaken no greater obligation than to afford defendant an opportunity to cooperate. The court did not commit any clear error in concluding that the government did not violate any such obligation when it responded to defendant's conduct and failure to adhere to the terms upon which his cooperation was conditioned by declining to give him further opportunities to provide assistance. See United States v. Jordan, 845 F.Supp. at 32-33. Accordingly, the appellant has failed to demonstrate that the Government breached the plea agreement and that his guilty plea was not voluntarily and knowingly entered, or that the court abused its discretion in declining to vacate the plea. Accordingly, it is
 
 
 4
 ORDERED and ADJUDGED that the district court's judgment from which this appeal is taken be affirmed.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 41(a)(1).